

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

September 28, 1964

This Opinion
Affirms Opinion

# O - 2094

Honorable Dean Martin
County Attorney
Grayson County
Sherman, Texas

Opinion No. C-322

Re:  Can the Commissioners
Court expend money
derived from taxes
levied under Article
6790, V.C.S., for the
purchase of right-of-
way for federal, state
and county highways and
lateral roads.

Dear Mr. Martin:

You have requested the opinion of this office as to
whether the special road funds derived from taxes levied under
Article 6790, Vernon's Civil Statutes, may be expended for the
purchase of right-of-way for federal, state and county highways
and lateral roads.

Article 6790, Vernon's Civil Statutes, is the
enabling statute passed pursuant to an amendment to the Texas
Constitution in 1890, Article VIII, Section 9, Texas Consti-
tution. This Constitutional provision was further amended in
1956 with no substantial change as regards the special road
fund. This constitutional amendment is quoted as follows:

"Sec. 9. The State tax on property, exclu-
sive of the tax necessary to pay the public debt,
and of the taxes provided for the benefit of the
public free schools, shall never exceed Thirty-
five Cents (35¢) on the One Hundred Dollars ($100)
valuation; and no county, city or town shall levy
a tax rate in excess of Eighty Cents (80¢) on the
One Hundred Dollars ($100) valuation in any one
(1) year for general fund, permanent improvement
fund, road and bridge fund and jury fund purposes;
provided further that at the time the Commissioners
Court meets to levy the annual tax rate for each
county it shall levy whatever tax rate may be
needed for the four (4) constitutional purposes;
namely, general fund, permanent improvement fund,
road and bridge fund and jury fund so long as the
Court does not impair any outstanding bonds or
other obligations and so long as the total of the
foregoing tax levies does not exceed Eighty Cents

-1536-

(80¢) on the One Hundred Dollars ($100) valuation
in any one (1) year. Once the Court has levied
the annual tax rate, the same shall remain in
force and effect during that taxable year; and
the Legislature may also authorize an additional
annual ad valorem tax to be levied and collected
for the further maintenance of the public roads;
provided, that a majority of the qualified
property tax paying voters of the county voting
at an election to be held for that purpose shall
vote such tax, not to exceed Fifteen Cents (15¢)
on the One Hundred Dollars ($100) valuation of
the property subject to taxation in such county.
And the Legislature may pass local laws for the
maintenance of the public roads and highways,
without the local notice required for special
or local laws. This Section shall not be
construed as a limitation of powers delegated to
counties, cities or towns by any other Section
or Sections of this Constitution."

Attorney General's Opinion O-2094 (1940), written
during the administration of Gerald C. Mann, contained the
following language:

"The paragraph in the above quoted section
of the Constitution providing for the levying of
a tax not to exceed fifteen cents on the one
hundred dollar valuation of property relating to
the maintenance of public roads was not a part
of the original section; it was added by amendment
in the year 1890 for the evident purpose of
conferring upon counties the power to lay out,
construct and maintain better systems of public
highways than they were able to do under the
restricted taxation before provided for. It
would be a narrow interpretation to hold that
the people adopting this amendment to the
Constitution had in view to provide a fund to
be used only in repairing roads already laid
out, instead of the evident and broader policy
to create a better and more extensive system of
public highways. The purpose of the Legislature
in making the amendment was to increase the
capacity of the county to maintain a system of
public roads and the word 'maintenance' must be
held to include all the things necessary to be
done to accomplish the purpose. Dallas County
vs. Plowman, 99 Tex. 509, 91 S.W. 222 (1906)."

In view of the foregoing comments in Attorney General's Opinion O-2094, which opinion is hereby reaffirmed by this office, it is our opinion that the purchase of right-of-way is necessarily included among the purposes for which the funds derived under Article 6790, Vernon's Civil Statutes, may be expended. We are further of the opinion that the right-of-way purchased hereunder may be used for county roads and, by virtue of Article 6674n, Vernon's Civil Statutes, said right-of-way may be purchased for any purpose enumerated in 6674n. Said Article 6674n provides for the purchase of right-of-way by the county and states that the funds therefor shall be derived from the County Road and Bridge Fund or <u>any available county funds</u>. This would necessarily include funds derived from Article 6790.

## SUMMARY

Funds derived from the tax levied under Article 6790, Vernon's Civil Statutes, may be expended for the purchase of right-of-way for federal, state and county highways and lateral roads.

Yours very truly,

WAGGONER CARR
Attorney General

By: Malcolm L. Quick
Assistant

MLQ:ms:bk

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Edward Moffett
Gordon Cass
Ralph Rash
Dean Arrington

APPROVED FOR THE ATTORNEY GENERAL
By: Roger Tyler